**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Alexander CASEREZ–BALLEC-IOS, also known as Cesar Omar Casa-rez–Vallecillos, Defendant–Appellant.**

**No. 02–51051. Conference Calendar**

United States Court of Appeals, Fifth Circuit.

Oct. 22, 2003.

Joseph H. Gay, Jr., Assistant US Attorney, US Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Marilyn G. Miller, Law Office of Marilyn G. Miller, Dripping Springs, TX, for Defendant–Appellant.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Jose Alexander Caserez–Ballecios (Caserez) appeals his sentence following his guilty-plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. Caserez argues that he is entitled to a downward departure because the Immigration and Naturalization Service issued him a work permit after learning that he was an illegal alien and a convicted felon, and then allowed him to remain in the United States for several years.

This court has jurisdiction to review the district court's refusal to depart downward "only if the district court based its decision upon an erroneous belief that it lacked the authority to depart." *United States v. Landerman*, 167 F.3d 895, 899 (5th Cir. 1999). This court has no jurisdiction if the district court refused to depart downward "based on its determination that departure [was] not warranted on the facts of the case." *United States v. Palmer*, 122 F.3d 215, 222 (5th Cir.1997).

The record reflects that the district court was aware that it had the authority to depart downward, but that it refused to do so based on the circumstances of the case. Consequently, this court lacks jurisdiction to review the district court's refusal to depart. *Landerman*, 167 F.3d at 899. Accordingly, this appeal is DISMISSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.